STATE OF NEBRASKA, APPELLEE, v. JAMES McFALL, JR., APPELLANT.
247 N. W. 2d 60

Filed December 1, 1976. No. 40775.

Ralph J. Fischer, for appellant.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellee.

Heard before SPENCER, McCOWN, and CLINTON, JJ., and MORAN and KELLY, District Judges.

SPENCER, J.

Defendant, James McFall, Jr., appeals his sentence of 3 to 5 years in the Nebraska Penal and Correctional Complex on the claim that the sentence imposed upon him is excessive. We affirm.

McFall was originally charged with four counts of forgery. By virtue of a plea bargain he was permitted to plead no contest to an amended charge, making and delivering a certain bank check with the intent to defraud, when he knew he did not have an account in the bank on which the check was drawn. The amended information was drawn under the provisions of section 28-1212, R. R. S. 1943, commonly referred to as the "no-fund check" statute. The maximum penalty provided in the statute is imprisonment in the Nebraska Penal and Correctional Complex not exceeding 10 years.

This court has repeatedly held that a sentence imposed within statutorily prescribed limits will not be disturbed on appeal unless there appears to be an abuse of discretion. When the sentence is considered with reference to McFall's previous record, we cannot say that there has been an abuse of discretion.

Defendant, who will be 33 years of age the 5th of December, has been in almost constant conflict with the law since 1963. He had a conviction for grand theft in California in 1963. He was placed on probation for 3 years, could not live up to the terms of the probation, and it was revoked. In 1965, he served 90 days on a check charge. Also in 1965, he was convicted of ve-

hicle theft and paroled. In October of the same year he was sentenced to 1 year in the county jail at Bowling Green, Missouri, on a no account check charge. In November of 1966, he was sentenced to 6 months to 5 years for vehicle theft. He was paroled November 2, 1967, and in 1968 was sentenced to 180 days in the county jail after parole violation. In September of 1968, he received 9 months in the county jail for forgery. In May of 1969, he was sentenced to 180 days in the county jail for burglary. In October 1970, he received a sentence of 4 to 5 years in the Arizona state prison for grand theft.

After conviction on the charge herein, he was continued on bond for 30 days pending the preparation of a presentence report. During that period he was convicted of a misdemeanor in Minnesota for which he was imprisoned. This prevented his appearance at the time originally scheduled for sentencing herein. Defendant's brief suggests that the conviction in Minnesota was for possession of a controlled substance with intent to deliver.

While ordinarily the sentence of 3 to 5 years on a no account check charge might be considered excessive, that certainly is not the situation herein. Defendant's record would have justified the filing of an habitual criminal charge. The record indicates that on occasions when defendant has been on parole he has violated the terms of the parole. It is very evident that defendant has never been rehabilitated. The fact that he came into conflict with the law while awaiting sentence in this state is an indication that lenient treatment in the past has merely permitted the defendant to continue to prey upon the public. He has now reached the place where he must pay his debt to society. On his record, the sentence imposed herein cannot be considered excessive.

The judgment is affirmed.

AFFIRMED.